# United States District Court

## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

SHIFTKEY, LLC,                          §
                                        §
                    *Plaintiff,*        §
                                        §
v.                                      §        Civil Action No. 4:25-cv-521
                                        §        Judge Mazzant
NURSEIO, LLC, CHRISTIAN                 §
MCNAMEE and YULIA MCKINNEY,             §
                                        §
                    *Defendants.*       §

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant NurseIO, LLC's 12(b)(6) Partial Motion to Dismiss, and Brief in Support (Dkt. #40). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This case arises from allegations by Plaintiff that two former employees, Christian McNamee and Yulia McKinney (collectively, the "Individual Defendants"), misappropriated Plaintiff's confidential information and violated post-employment restrictive covenants by joining a competitor, Defendant NurseIO (Dkt. #1 at pp. 1–3). Plaintiff is a healthcare technology company that operates a platform connecting healthcare professionals with healthcare facilities to fill open shifts across numerous states (Dkt. #1 at pp. 4–6). According to Plaintiff, the Individual Defendants each signed Employee Invention Assignment and Confidentiality Agreements (the "Agreements") containing confidentiality, non-compete, and non-solicitation provisions (Dkt. #1 at p. 7).

Plaintiff alleges Defendant McNamee joined Defendant NurseIO as Vice President of Strategy in April 2024 and used Plaintiff's proprietary data to solicit key employees and clients in violation of his contractual and common law duties (Dkt. #1 at pp. 12–13). In May 2025, Defendant

McKinney resigned to work for Defendant NurseIO, allegedly after emailing thousands of pages of Plaintiff's internal documents—including client lists and pricing information—to her personal account, which she later attempted to conceal by deleting the emails (Dkt. #1 at p. 15). Plaintiff contends that Defendant NurseIO knowingly induced the Individual Defendants to breach their Agreements and engaged in a coordinated effort to misappropriate Plaintiff's confidential information and trade secrets to unfairly compete in overlapping markets (Dkt. #1 at pp. 22–23).

On June 11, 2025, Defendant NurseIO moved under Rule 12(b)(6) to dismiss Plaintiff's breach of contract claims, arguing that it cannot be liable for breach because the Agreements are unenforceable under Texas law (Dkt. #40 at pp. 1–2). Defendant NurseIO contends the Agreements expressly disclaim creating a contract of employment, lack independent consideration beyond at-will employment, and impose non-compete restrictions without geographic limitations, rendering them facially overbroad and void (Dkt. #40 at pp. 6–8). Defendant NurseIO further argues that because there is no enforceable contract, Plaintiff's tortious interference claim also fails (Dkt. #40 at pp. 1–2). On June 25, 2025, Plaintiff filed its Response averring that Defendant NurseIO lacks standing to challenge the breach of contract claims, which are asserted solely against the Individual Defendants (Dkt. #43 at pp. 9–10). Plaintiff further maintains that the Agreements are supported by valid consideration—particularly access to confidential information—and contain restrictions narrowly tailored to protect Plaintiff's legitimate business interests (Dkt. #43 at pp. 12–15). Plaintiff also argues that even if Defendant NurseIO's enforceability challenges were relevant, they present factual issues inappropriate for resolution at the Rule 12(b)(6) stage (Dkt. #43 at pp. 14–17). The Motion is now ripe for adjudication.

2

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing Plaintiff's Complaint and the arguments presented in the briefs, the Court finds that Plaintiff has stated plausible claims for relief under Rule 12(b)(6). Dismissal is unwarranted. Defendant's Motion should therefore be **DENIED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant NurseIO, LLC's 12(b)(6) Partial Motion to Dismiss, and Brief in Support (Dkt. #40) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 28th day of July, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE