# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SHIFTKEY, LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § Civil Action No. 4:25-cv-521 <br> § Judge Mazzant <br> NURSEIO, LLC, CHRISTIAN § <br> MCNAMEE and YULIA MCKINNEY, § <br> § <br> *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Counter-Defendant Shiftkey, LLC's 12(b)(6) Motion to Dismiss Counter-Plaintiff Christian McNamee's Counterclaim (Dkt. #44). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This case arises from allegations by Plaintiff that two former employees, Christian McNamee and Yulia McKinney (collectively, the "Individual Defendants"), misappropriated Plaintiff's confidential information and violated post-employment restrictive covenants by joining a competitor, Defendant NurseIO (Dkt. #1 at pp. 1–3). Plaintiff is a healthcare technology company that operates a platform connecting healthcare professionals with healthcare facilities to fill open shifts across numerous states (Dkt. #1 at pp. 4–6). According to Plaintiff, the Individual Defendants each signed Employee Invention Assignment and Confidentiality Agreements (the "Agreements") containing confidentiality, non-compete, and non-solicitation provisions (Dkt. #1 at p. 7). In response to Plaintiff's lawsuit seeking to enforce the Agreements, Defendant McNamee filed an Answer and asserted a counterclaim under Section 15.51(c) of the Texas Business & Commerce Code (Dkt. #36 at pp. 22–23).

In his counterclaim, Counter-Plaintiff McNamee seeks to recover "attorneys' fees, costs, and expenses of suit by statute" on the ground that Counter-Defendant's attempt to enforce the covenants is unreasonable under Texas law (Dkt. #36 at pp. 22–23) (citation modified). He asserts that Section 15.51(c) authorizes a defendant to recover costs, including attorneys' fees, where an employer seeks to enforce a covenant it knew imposed unreasonable restraints that exceeded what was necessary to protect its goodwill or business interests (Dkt. #36 at p. 22; Dkt. #51 at pp. 1–3). *See* TEX. BUS. & COM. CODE § 15.51(c). In support, Counter-Plaintiff McNamee points to decisions treating a Section 15.51(c) fee claim as a compulsory counterclaim to an employer's enforcement action (Dkt. #51 at pp. 2–4).

On June 26, 2025, Counter-Plaintiff filed its Motion, arguing that Section 15.51(c) does not create an independent cause of action for attorney's fees or costs, but rather provides only a potential remedy in defense of an enforcement action (Dkt. #44 at p. 4). *See* TEX. BUS. & COM. CODE § 15.51(c). Counter-Defendant contends that Texas courts consistently hold attorney's fees under such statutes are forms of relief tied to the underlying defense, not standalone claims (Dkt. #44 at pp. 4–6). Thus, allowing Counter-Plaintiff McNamee to maintain a separate counterclaim would improperly elevate a remedy into a cause of action, contrary to federal and Texas precedent (Dkt. #44 at pp. 3–4). On July 10, 2025, Counter-Plaintiff McNamee filed his Response, arguing that treating his Section 15.51(c) claim as a counterclaim is consistent with caselaw permitting statutory fee awards (Dkt. #51 at pp. 3–5). On July 17, 2025, Counter-Defendant filed its Reply (Dkt. #52). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

The Court finds Counter-Plaintiff McNamee's position more persuasive at this stage. As he points out, a claim for costs and attorney's fees under Section 15.51(c) operates as a compulsory counterclaim in response to an employer's action to enforce a non-compete (Dkt. #51 at pp. 2–3) (citing *Rimkus Consulting Grp., Inc. v. Cammarata*, 257 F.R.D. 127, 135 (S.D. Tex. 2009)). *See* TEX. BUS. & COM. CODE § 15.51(c). Additionally, courts adjudicating a counterclaim under Section 15.51(c) on the merits focus not on its procedural propriety but on the employee's failure to secure predicate jury findings (Dkt. #51 at p. 3) (citing *Ginn v. NCI Building Systems, Inc.*, 472 S.W.3d 802, 847 (Tex. App.—Houston[1st Dist.] 2015, no pet.)). These authorities support the view that asserting Section 15.51(c) as a counterclaim is a recognized procedural mechanism for an employee to preserve the statutory issues necessary to obtain costs and attorneys' fees.

Counter-Plaintiff McNamee's counterclaim seeks the specific statutory relief contemplated by Section 15.51(c) and directly responds to Counter-Defendant's action to enforce restrictive

4

covenants. Accordingly, after reviewing Counter-Plaintiff's Answer and the arguments presented in the briefs, the Court finds that Counter-Plaintiff McNamee has stated a plausible claim for relief under Rule 12(b)(6). Counter-Defendant's Motion is therefore **DENIED**. Should Counter-Plaintiff McNamee neglect to establish the statutorily required factual predicates of his counterclaim, Counter-Defendant may challenge the merits at a later stage.

## CONCLUSION

It is therefore **ORDERED** that Counter-Defendant Shiftkey, LLC's 12(b)(6) Motion to Dismiss Counter-Plaintiff Christian McNamee's Counterclaim (Dkt. #44) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 28th day of July, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE