# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SHIFTKEY, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | Civil Action No. 4:25-cv-00521 |
| NURSEIO, LLC, NURSEIO, INC., | § | Judge Mazzant |
| STAFF U LLC, CHRISTIAN | § | |
| MCNAMEE, and YULIA MCKINNEY, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is NurseIO's Opposed Motion for Leave to Assert Counterclaims (Dkt. #91). Having considered the Motion, response, and relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This case arises from allegations by Plaintiff that two former employees, Christian McNamee and Yulia McKinney (collectively, the "Individual Defendants"), misappropriated Plaintiff's confidential information and violated post-employment restrictive covenants by joining a competitor, Defendant NurseIO (Dkt. #71 at pp. 1–3). Plaintiff is a healthcare technology company that operates a platform connecting healthcare professionals with healthcare facilities to fill open shifts across numerous states (Dkt. #71 at pp. 5–7). According to Plaintiff, the Individual Defendants each signed Employee Invention Assignment and Confidentiality Agreements (the "Agreements") containing confidentiality, non-compete, and non-solicitation provisions (Dkt. #71 at p. 7).

Plaintiff alleges Defendant McNamee joined Defendant NurseIO as Vice President of Strategy in April 2024 and used Plaintiff's proprietary data to solicit key employees and clients in violation of his contractual and common law duties (Dkt. #71 at pp. 12–13). In May 2025, Defendant McKinney resigned to work for Defendant NurseIO, allegedly after emailing thousands of pages of Plaintiff's internal documents—including client lists and pricing information—to her personal account, which she later attempted to conceal by deleting the emails (Dkt. #71 at p. 15). Plaintiff contends that Defendant NurseIO knowingly induced the Individual Defendants to breach their Agreements and engaged in a coordinated effort to misappropriate Plaintiff's confidential information and trade secrets to unfairly compete in overlapping markets (Dkt. #71 at pp. 19–20).

On May 30, 2026, Defendants NurseIO, LLC, NurseIO, Inc., and Staff U LLC (collectively, "NurseIO" or "Defendants") filed NurseIO's Opposed Motion for Leave to Assert Counterclaims (Dkt. #91). On April 13, 2026, Plaintiff Responded (Dkt. #99); Defendants did not reply. The Motion is now ripe for adjudication.

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After

a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**ANALYSIS**

Defendants filed this six-paragraph, two-page motion requesting the Court grant Defendants leave to assert counterclaims against Plaintiff (Dkt. #91 at p.1). In support of its request, Defendants did not cite any legal authority for the Court to consider. (Dkt. #91 at p.1). In response, Plaintiff argues that Defendants have not met the Rule 15 standard (Dkt. #99 at p.7). Plaintiff argues that Defendants have no adequate explanation for its delay, Defendants' proposed counterclaims are futile, granting leave would prejudice Plaintiff, and a continuance would further delay resolution of Plaintiff's claims (Dkt #99 at pp. 8–14).

Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir.

2013). The deadline for Defendants to amend pleadings was March 30, 2026, the same date as the filing of this Motion (Dkt. #91). Therefore, Rule 15(a) governs Defendants' request.

A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court will review each factor accordingly.

First, the Court finds that Defendants unduly delayed in filing this Motion. Defendants assert that the proposed counterclaims arise from facts developed during discovery, including deposition testimony, which Defendants diligently investigated to file this Motion (Dkt. #91 at p. 1). However, Plaintiff points out in response that the depositions were of Defendants' own founders and principals (Dkt. #99 at p.9). Further, Plaintiff points out that Defendants first articulated the "complete factual and legal theory underlying the proposed counterclaims in August 2025—seven months before" the filing of the Motion (Dkt. #99 at p.10). As articulated by the Fifth Circuit, where a claim is "apparent at the outset of the case," but not urged until much later in the case, such "conduct strongly suggests either a lack of diligence on its part or a lack of sincerity." *Mitsubishi Aircraft Intern., Inc. v. Brady,* 780 F.2d 1199, 1203 (5th Cir. 1986). The Court agrees with Plaintiff that Defendants have not adequately explained their delay in seeking to Amend its complaint.

Second, the Court considers whether Defendants acted in bad faith or with dilatory motive. The parties do not address this factor. Therefore, the Court finds that this factor is neutral.

Third, the Court considers whether the Motion is the result of repeated failure to cure deficiency by previous amendments. Because this is Defendants' first motion to assert counterclaims, the Court finds that this factor favors the assertion of counterclaims.

Fourth, the Court considers whether Plaintiff will be unduly prejudiced. Defendants assert that "amendment will not unduly prejudice Shiftkey" because of the remaining time before discovery closes and pretrial materials are due (Dkt. #91 at p.1). Plaintiff asserts that the counterclaims would require "entirely new discovery on subjects . . . that are wholly unrelated to ShiftKey's trade secret and tortious interference claims against NurseIO" (Dkt. #99 at p. 14). Absent any reasonable explanation from Defendants for the delay in asserting new counterclaims they seek leave to add, the Court is not persuaded that amending the scheduling order to extend the deadlines for discovery and dispositive motions to accommodate the new counterclaims is warranted. Thus, the Court agrees with Plaintiff that raising counterclaims at this stage of the litigation would unduly prejudice Plaintiffs.

Finally, the Court will consider the futility of the asserted counterclaims. Defendants assert no arguments as to the strength of the asserted counterclaims (Dkt. #91). Defendants do not even state in their Motion the legal basis for the counterclaims (Dkt. #91). Plaintiff argues that the proposed counterclaims are futile because each proposed counterclaim is baseless (Dkt. #99 at pp. 12–13).

Applying the 12(b)(6) standard, a counterclaim is futile if it lacks "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 592 (5th Cir. 2016)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. After reviewing each of the proposed counterclaims (Dkt. #92), the Court finds that the claim for tortious interference is futile. However, the remaining three proposed counterclaims state a claim that is plausible on its face.

First, Defendants propose a claim under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g), alleging that Plaintiff accessed NurseIO's platform "by using login credential obtained from HCP users." (Dkt. #92 at p. 6). Plaintiff first contends that Defendants' CFAA claim is baseless because "NurseIO's own *allegations* establish—*at most*—that healthcare professionals ("HCP") voluntarily shared their own valid credentials" (Dkt. #99 at p. 12). Plaintiff cites *NRA Group, LLC v. Durenleau*, where the Third Circuit held that the Congress's intent in enacting the CFAA was to target hackers, not impute liability to employees who share their credentials in contravention of a company policy. 154 F.4th 153, 169 (3rd Cir. 2025). However, in NRA, the defendant, who was also an employee of the company, asked a colleague to log in to the company platform with her credentials. *Id.* The Court is not persuaded that Defendants' assertion that Plaintiff "induce[d] HCPs to provide their login credentials" is sufficiently similar to the *NRA* case. The Cout finds that Defendants' proposed counterclaim under the CFAA is not futile.

Second, Plaintiff argues that because the CFAA claim is futile, the Court would lack subject matter jurisdiction over the remaining state law claims (Dkt. #99 at p.12). Because the Court does not find that the CFAA claim is futile, the Court does not find that the remaining state law claims are futile due to a lack of subject matter jurisdiction.

Third, Plaintiff argues that Defendant's tortious interference claim is baseless because Defendant has produced no evidence of the alleged conduct (Dkt. #99 at p. 13). The Court agrees with Plaintiff that Defendant's proposed tortious interference counterclaim is futile.

Finally, Plaintiff contends that Defendant's unjust enrichment claim is baseless because it is not recognized as an independent cause of action under Texas law (Dkt. # 99 at p. 13). However, this Court has previously held that "Texas law does allow unjust enrichment as an independent cause of action." *VocalSpace, LLC v. Lorenso*, No. 4:09-CV-350, 2010 WL 11527374, at *7 (E.D. Tex. Jan. 29, 2010) (Mazzant, J.) In accordance with the binding authority in *VocalSpace*, this Court finds that a claim for unjust enrichment is a valid claim under Texas state law. Thus, the proposed unjust enrichment counterclaim is not futile.

In sum, the first and fourth factors weigh against granting leave to amend, the second factor is neutral and the third and fifth factors weigh towards granting leave to amend. The Court finds that Defendant's undue delay and the undue prejudice to Plaintiff are dispositive in denying Defendants' motion for leave in this case. Accordingly, the Court finds that Rule 15(a)(2) does not warrant granting Defendants leave to assert counterclaims at this stage in the litigation. Therefore, the Motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that NurseIO's Opposed Motion for Leave to Assert Counterclaims (Dkt. #91) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 2nd day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE