# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SHIFTKEY, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | Civil Action No. 4:25-cv-00521 |
| NURSEIO, LLC, NURSEIO, INC., | § | Judge Mazzant |
| STAFF U LLC, CHRISTIAN | § | |
| MCNAMEE, and YULIA MCKINNEY, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is NurseIO's Motion for Summary Judgment (Dkt. #88). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED.**

## BACKGROUND

This case arises from allegations by Plaintiff that two former employees, Christian McNamee and Yulia McKinney (collectively, the "Individual Defendants"), misappropriated Plaintiff's confidential information and violated post-employment restrictive covenants by joining a competitor, Defendant NurseIO (Dkt. #1 at pp. 1–3). Plaintiff is a healthcare technology company that operates a platform connecting healthcare professionals with healthcare facilities to fill open shifts across numerous states (Dkt. #1 at pp. 4–6). According to Plaintiff, the Individual Defendants each signed Employee Invention Assignment and Confidentiality Agreements (the "Agreements") containing confidentiality, non-compete, and non-solicitation provisions (Dkt. #1 at p. 7).

Plaintiff alleges Defendant McNamee joined Defendant NurseIO as Vice President of Strategy in April 2024 and used Plaintiff's proprietary data to solicit key employees and clients in

violation of his contractual and common law duties (Dkt. #1 at pp. 12–13). In May 2025, Defendant McKinney resigned to work for Defendant NurseIO, allegedly after emailing thousands of pages of Plaintiff's internal documents—including client lists and pricing information—to her personal account, which she later attempted to conceal by deleting the emails (Dkt. #1 at p. 15).

Plaintiff contends that Defendant NurseIO knowingly induced the Individual Defendants to breach their Agreements and engaged in a coordinated effort to misappropriate Plaintiff's confidential information and trade secrets to unfairly compete in overlapping markets (Dkt. #1 at pp. 22–23).

On July 28, 2025, the Court denied Motions to Dismiss filed by Defendant NurseIO, LLC, and Counter-Defendant Shiftkey, LLC (Dkt. #55; Dkt. #56). On March 30, 2026, NurseIO, LLC NurseIO, Inc. and Staff U LLC (collectively, "NurseIO") filed their First Counterclaim against ShiftKey, LLLC (Dkt. #92). Also on March 30, 2026, NurseIO filed this Motion for Summary Judgment (Dkt. #88). On April 21, 2026, Plaintiff responded (Dkt. #106). On April 28, 2026, NurseIO filed a reply in support of its motion (Dkt. #112). On May 4, 2026, Plaintiff filed a sur-reply (Dkt. #117). On July 15, 2026, Plaintiff's claims against Defendants McKinney and McNamee were dismissed with prejudice (Dkt. #144; Dkt. #145). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hou. Corrugated Box Co.*, 526 F.2d

389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (citation modified). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## ANALYSIS

After careful review of the record and the arguments, the Court is not convinced that NurseIO has met its burden demonstrating that there is no material issue of fact as to ShiftKey's claims entitling NurseIO to judgment as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that NurseIO's Motion for Summary Judgment (Dkt. #88) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 9th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE